## THE HAROLD J. REICHERT.

### AMBROSE LIGHTERAGE & TRANSPORTATION CO. v. REICHERT TOWING LINE, Inc.

No. 389.

Circuit Court of Appeals, Second Circuit.

June 1, 1931.

Single & Single, of New York City (Thomas H. Middleton, of New York City, of counsel), for appellant.

William F. Purdy, of New York City (John E. Purdy, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The libelant's steam lighter Admiral was bound down Gowanus Canal, on December 20, 1926, with the lighters Ambrose No. 311 and Ambrose No. 161 in tow on short hawsers. The No. 161 was towed stern first on the port side abreast the No. 311. When the Admiral was at the cove off Court street, the claimant's tug, Harold J. Reichert, with the dredge Samson in tow, was observed coming up the canal at a speed of about one mile an hour against the ebb tide. The Reichert was then opposite Twenty-Seventh street and continued on. The Admiral stopped, noted that the Reichert was coming on, blew a one-whistle signal which the Reichert answered, and then started ahead. When they were passing, the dredge in tow of the Reichert and port lighter in the Admiral's tow came into collision.

The evidence on both sides as to the cause of the collision leaves much to be desired. It is utterly impossible to determine satisfactorily how the trouble occurred. The claimant's testimony was to the effect that the Admiral came out of the cove at Court street and ran into collision, but the District Court held, we think rightly, that this was highly improbable and the evidence too weak to justify such a finding of fact. The libelant alleged that the Reichert was at fault for not having a competent person in charge; for failing to have a proper lookout; for navigating at excessive speed; for negligently allowing her tow to swing across the channel; and for failing to keep her tow under control. None of these allegations was proved. As this appeal is wholly on the facts, it will give some color to the situation, to quote the following from the court's opinion: "I confess to being more troubled by accepting the libelant's version than I am in disbelieving the respondent's."

The court did find, however, that the canal was so congested at the time the Reichert entered it that she was at fault for going in then at all, and predicated her liability upon that circumstance. With this we are unable to agree. Such a thing was neither claimed when the libel was filed nor, so we think, adequately shown by the proof. No good purpose will be served by discussing when a canal is too congested to enter, and when it is not, or the question of proximate cause of a collision which occurs in congested waters. Each case involves proof of negligence, and must stand or fall on its own facts. The libelant this time has failed to prove a cause of action.

Decree reversed.